UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus Porter, *also known as Marcus M. Porter*, | ) ) ) | C/A No. 9:22-01862-DCC-MHC |
| Petitioner, | ) ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) ) | |
| Warden Phelps, | ) ) | |
| Respondent. | ) | |

    The pro se Petitioner, Marcus Porter, is a federal inmate at the Federal Correctional Complex in Petersburg, Virginia (FCC-Petersburg). He brings this action as an application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241,[1] challenging alleged due process violations in connection with his loss of good-time credits, resulting from a prison disciplinary hearing which appears to have been held while Petitioner was previously incarcerated at the Federal Correctional Institution in Estill, South Carolina. *See* Petition, ECF No. 1

    Proper venue does not lie in the District of South Carolina pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426, 442-444 (2004). District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas relief is "issuable only in the district of confinement" and "jurisdiction lies in only one district: the district of confinement." *Rumsfeld*, 542 U.S. at 442-443; *see* 28 U.S.C. § 2241(a).

    FCC-Petersburg is located within the jurisdiction of the United States District Court for the Eastern District of Virginia and that court is the proper district of confinement. Accordingly, this Court lacks jurisdiction to entertain this Petition. *See Rumsfeld*, 542 U.S. at 445 ("[T]he

---

[1] Petitioner has not paid the $5 filing fee or submitted a motion to proceed *in forma pauperis*.

custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction."); *United States v. Morgan*, 305 F. App'x 61, 62 (4th Cir. 2008) ("A § 2241 petition…must be brought in the district of incarceration.").

If a district court finds that it lacks jurisdiction over a case "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed...." 28 U.S.C. § 1631. A district court may, on its own initiative, transfer an action to cure want of jurisdiction. *See, e.g., Estate of Thompson ex rel. Thompson v. Mission Essential Pers., LLC*, No. 1:11CV547, 2013 WL 6058308, at *7 (M.D.N.C. Nov. 14, 2013), *report and recommendation adopted sub nom. Estate of Thompson v. Mission Essential Pers., LLC,* 2014 WL 4745947 (M.D.N.C. Sept. 23, 2014); *Halim v. Donovan*, No. 12–00384(CKK), 2102 WL 3291830, at * 2 (D.D.C. July 1, 2013) ("While a Court may on its own initiative transfer an action under 28 U.S.C. § 1631, the law of this Circuit also holds that sua sponte transfers pursuant to 28 U.S.C. § 1631 are committed to the discretion of the District Court where no party has moved to transfer a case brought in the wrong jurisdiction.") (internal quotation and citation omitted). "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Reaves v. Hagel*, No. 5:12–CV–795–FL, 2013 WL 5674981, at *3 (E.D.N.C. Oct. 17, 2013). A plaintiff's erroneous filing in the wrong court is 'just the type of good faith mistake that Congress intended for 28 U.S.C. § 1631 to remedy." *Id.* (citing *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 334 (4th Cir. 2001)).

Here, this Court lacks jurisdiction, the transferee court could have exercised jurisdiction when the action was filed, and it appears that transfer is in the interest of justice. *See, e.g., Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074-75 (9th Cir. 2001). Thus, it is recommended that Petitioner's § 2241 Petition be transferred to the Eastern District of Virginia for further consideration and

proceedings. *See* 28 U.S.C. § 1631 (noting a district court should transfer a habeas petition to the proper district court if such transfer would serve the interest of justice); *Tairou v. Cannon*, No. 1:19-cv-674-JFA-SVH, 2019 WL 1905859, at *1 (D.S.C. Apr. 5, 2019) (recommending transfer of § 2241 action to the appropriate district court with jurisdiction), *report and recommendation adopted*, 2019 WL 1900918 (D.S.C. Apr. 29, 2019).

### C.  RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the Petition in this action be **TRANSFERRED**, pursuant to 28 U.S.C. § 1631, to the United States District Court for the Eastern District of Virginia.[2]

**Petitioner's attention is directed to the important notice on the next page.**

Molly H. Cherry
United States Magistrate Judge

August 2, 2022
Charleston, South Carolina

---

[2] In cases in which the transfer of venue pursuant to 28 U.S.C. § 1404 ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought….") has been raised sua sponte, courts have held the petitioner must be given an opportunity to be heard before a final decision on transfer is rendered. *See Feller v. Brock*, 802 F.2d 722, 729 n. 7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte."); *see also Magic Toyota, Inc. v. Southeast Toyota Distribs, Inc.*, 784 F. Supp. 306, 321 (D.S.C. 1992): *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). To the extent this may also be required pursuant to § 1631, Petitioner's opportunity to file timely objections to this Report and Recommendation is considered to be the required opportunity to be heard before a final decision on transfer is rendered by the district judge.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).